## 16640

### M. B. KAHN CONST. CO. v. CRAIN *ET AL.*
(71 S. E. (2d) 503)

18

*Messrs. Fulmer & Barnes,* of Columbia, *for Appellant,*

*Messrs. T. C. Callison, Attorney General,* and *Claude K. Wingate, Assistant Attorney General,* of Columbia, *for Respondents.*

June 26, 1952.

Stukes, Justice.

This case is concerned with liability for the payment of the levy imposed by the States Sales and Use Tax, 47 Stat. 677,

approved April 19, 1951. It became effective July 1, 1951, but contained the following proviso to the effective date section, which was (32) of subarticle V; 47 Stat. 704:

"Provided, However, That the gross proceeds of the sales of tangible personal property delivered prior to January 1, 1952, under terms of construction contracts executed prior to April 1, 1951, shall be exempt from the sales and use taxes imposed under Subarticles III and IV, but only if a verified copy of such construction contract is filed with and approved by the South Carolina Tax Commission prior to July 1, 1951."

In January 1951 the Columbia Housing Authority asked for bids upon a large construction project and appellant, a contractor, entered a bid in the amount of $2,483,770.00. The bids were opened on March 14, 1951, and appellant's was accompanied by a bid bond which guaranteed the performance by it of the contract if its bid should be accepted. By letter dated March 15, 1951, appellant was notified by the Authority that its bid had been accepted subject only to the approval of the Atlanta Field Office, which was the Regional Office of the Public Housing Authority; and on March 26, 1951, the Columbia Authority further notified appellant by letter that the contract had been awarded to it with approval of the Atlanta Regional Office and said, "With receipt of this telegram (from the Atlanta Office to the Columbia Authority), the award of the contract is final." Accordingly, on March 29, 1951, appellant advised the Authority of the names of several sub-contractors and material suppliers to whom it had awarded sub-contracts. Some of them formally complied with the statutory proviso above quoted and sales and deliveries of materials to them prior to January 1, 1952, were not subjected to the tax.

However, final written contract between appellant and the Columbia Authority was not entered into until April 2, 1951. Appellant filed with the Tax Commission verified copies of the above mentioned correspondence and other data in an

effort to come within the proviso, with respect to purchases by it for the purpose of the contract. The Commission contended for liability for payment of the tax because a verified copy of construction contract dated before April 1st was not filed with, and approved by, it prior to July 1, 1951. Thereupon this action was brought but the trial court refused relief and the appeal followed.

The ground of the decision under review was that the word "executed" as used in the proviso meant that a contract, to come within its terms, must have in final form been reduced to writing and signed by the contracting parties prior to April 1. However, we think that justice here requires a broader construction. In this case appellant was bound, and his obligation secured by bond, on March 15, which was a considerable time before enactment of the sales tax law. Both parties were bound on March 26, still considerably before passage of the law, and there only remained the formality of the affixing of the signatures to the final form of contract. The bid and accompanying bond, the conditional acceptance of March 15 and the final and unconditional acceptance on March 26, were all in writing. It is noted that the law allowed three months for the filing of a verified copy of the contract, which indicates that the final formality need not have been completed prior to April 1, as held by the lower court. Respondent does not contend that there was not a legally enforceable contract before April 1.

The meaning of the word "executed", upon which the decision depends, is variable as is seen by the decisions in 15A Words and Phrases 235 et seq. Some of the cases collected there held it to be the equivalent of "signed", which the parties did here by their writings—bid, acceptance, etc. We think it was used in the present statute to designate the time when the contracting parties became bound, made or entered into an enforceable contract, as here; and not when they might later sign again in formal testimony of it. Other-

wise the result of this controversy would be manifestly unjust. Moreover, "executed" as applied to a contract ordinarily means one which has been fully performed, 1 Bouvier's Law Dictionary, Rawle's Third Revision, page 1111, or at least so by one of the parties, *Gugenheim v. Hancock,* Tex. Civ. App., 231 S. W. (2d) 935. See also, 17 C. J. S., Contracts, § 7, page 325. Patently, that was not intended by the legislature when it used the word in this instance.

Respondent relies upon the tenet that statutory exemptions from liability for payment of taxes are subject to strict construction and one claiming an exemption must come clearly within the terms in order to prevail. This is true, but the rule cannot fairly be said to be applicable to the facts of this case where the statutory proviso is rather a fixation of the time when the tax should begin to be operative rather than an exemption from its terms, although that word was artlessly used. It is part of the section of the law which begins, "The sales and use tax provided by this article, upon approval by the Governor, shall take effect on July 1, 1951, provided" etc. 47 Stat. 703, sec. (32).

The judgment is reversed and the case remanded.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.