17609

LAURENS FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant, v. SOUTH CAROLINA TAX COMMISSION and Otis W. Livingston, Chairman, James W. Crain, James H. Sullivan, J. A. Calhoun, Jr., Francis M. Pinckney, constituting the Members of the S. C. Tax Commission, Respondents.

(112 S. E. (2d) 716)

*Messrs. W. Hummel Harley,* of Laurens, *and Thomas H. Pope, Robert D. Schumpert* and *Rembert D. Parler,* of *Newberry, for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Respondents,*

February 5, 1960.

Moss, Justice.

This action was brought under the provisions of Sections 65-2661, 65-2662 of the 1952 Code of Laws of South Carolina by the appellant, Laurens Federal Savings and Loan Association, against the South Carolina Tax Commission, to recover documentary stamp taxes in the amount of $2,270.00, which appellant paid under protest. The assessment for documentary stamps against the appellant was on ten promissory notes executed by it to the Federal Home

Loan Bank of Greensboro, North Carolina, such assessment being made pursuant to Section 65-688 of the 1952 Code of Laws of South Carolina, which imposes on promissory notes a stamp tax of 4¢ on each $100.00, or fractional part thereof.

The appellant is a Federal Savings and Loan Association, chartered pursuant to the provisions of an act of Congress known as the "Home Owners' Loan Act of 1933", enacted into law June 13, 1933, as amended, 12 U. S. C. A. § 1464, for the purpose of encouraging thrift and home ownership within the area it serves. The Federal Home Loan Bank of Greensboro, North Carolina, was created under an Act of Congress, known as the "Federal Home Loan Bank Act", enacted July 22, 1932, 12 U. S. C. A. § 1421 *et seq.,* for the purpose, *inter alia,* of directing and controlling the flow of mortgage money to member and non-member direct-lending institutions by way of advances of credit. A state-chartered building and loan association or similar institution making home mortgage loans may qualify as a non-member borrower of the Bank upon meeting the conditions set forth in the Federal Home Loan Bank Act, specifically 12 U. S. C. A. § 1424; upon meeting the requirements of a non-member borrower, a state-chartered building and loan association may secure advances of credit from the Federal Home Loan Bank of Greensboro as does appellant, the latter being a member of the Bank by virtue of its incorporation under the Home Owners' Loan Act of 1933.

It is provided in 12 U. S. C. A. § 1430(a) that the Federal Home Loan Bank is authorized to make advances to its members upon the security of home mortgages, and in Section (c) of said Statute, that such advances shall be made upon the note or obligation of the member or non-member borrower. It was upon ten such notes that the respondent imposed a documentary stamp tax as provided by Section 65-688 of the 1952 Code of Laws of South Carolina. The appellant paid the documentary stamp taxes so

assessed under protest and timely brought this action to recover such.

In the lower Court the appellant contended that the respondent could not legally assess and collect the stamp taxes involved in this action because of the provisions of 12 U. S. C. A. § 1433, which operates to preclude the taxation of the promissory notes executed by the appellant. The respendent contends that the provisions of 12 U. S. C. A. § 1464(h) specifically authorize the taxes.

There being no material disagreement as to the facts, the appellant moved before the Honorable C. Bruce Littlejohn, the Presiding Judge, for judgment on the pleadings. Judge Littlejohn held that the stamp tax assessment as made by the respondent was legal and the appellant was not entitled to the claimed refund. This appeal followed.

The question to be determined upon this appeal is whether the respondent, by virtue of the provisions of 12 U. S. C. A. § 1464(h), can legally subject the promissory notes given by the appellant to the Federal Home Loan Bank of Greensboro, North Carolina, to South Carolina documentary stamps, or is it precluded from so doing by virtue of the provisions of 12 U. S. C. A. § 1433.

The complaint in this action alleges that the promissory notes of the appellant to the Federal Home Loan Bank of Greensboro, North Carolina, were executed at Laurens, South Carolina, the place of business of the appellant. It was held in the case of *Graniteville Mfg. Co. v. Query,* D. C., 44 F. (2d) 64, affirmed on appeal to the United States Supreme Court, 283 U. S. 376, 51 S. Ct. 515, 75 L. Ed. 1126, that South Carolina may validly impose a stamp tax upon promissory notes executed within the State though payable to banks at their places of business outside the State. Therefore, it follows that unless there is an appropriate exemption applying to the notes executed by the appellant, they should bear South Carolina documentary stamps as is fixed and required by Section 65-688 of the 1952 Code of Laws of South Carolina. There is no exemption under our documen-

tary tax statute which would excuse the appellant from affixing the required stamps to its notes, even through such were executed to the Federal Home Loan Bank of Greensboro, North Carolina.

This Court has held that constitutional and statutory language creating exemptions from taxation will not be strained or liberally construed in favor of the taxpayer claiming an exemption, and he must, in order to be entitled to such exemption, clearly bring himself within the exemption on which he relies. *Textile Hall Corp. v. Hill,* 215 S. C. 262, 54 S. E. (2d) 809; *Arkwright Mills v. Murph,* 219 S. C. 438, 65 S. E. (2d) 665, and *M. B. Kahn Construction Co. v. Crain,* 222 S. C. 17, 71 S. E. (2d) 503.

There is no dispute between the parties to this action concerning the fact that the respondent, in imposing the documentary stamp taxes in question, does likewise impose the same kind of taxes and, at the same rate, with respect to notes executed by State chartered Building and Loan Associations to the Federal Home Loan Bank of Greensboro, North Carolina. The appellant contends, however, that any such tax is improper and unauthorized on the part of the respondent and relies upon the provisions of the aforementioned Federal Statute, 12 U. S. C. A. § 1433. This statute was enacted on July 22, 1932, as a part of the Act creating the Federal Home Loan Bank, and with reference to exceptions from taxation, provides:

"* * * The bank, including its franchise, its capital, reserves, and surplus, its advances, and its income, shall be exempt from all taxation now or hereafter imposed by the United States, by any Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority; except that any real property of the bank shall be subject to State, Territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed. * * *"

It is clear from the foregoing statute that the immunity provided therein from taxation applies only to the Federal Home Loan Bank. The respondent here has not sought to place any documentary tax upon the Federal Home Loan Bank but such has been assessed against the appellant. If the respondent had attempted to place a documentary tax upon some obligation issued by the Federal Home Loan Bank, then the above quoted statute would be applicable and such bank entitled to the immunity therein provided.

The appellant cites and relies upon the case of *Pittman v. Home Owners' Loan Corporation,* 308 U. S. 21, 60 S. Ct. 15, 84 L. Ed. 11, where it was held that a tax imposed by a State statute upon every mortgage recorded or offered for record at the rate of 10¢ for every $100.00 of the principal amount of the debt secured, was not a merely a fee for the privilege of recording the mortgage but was a tax on the mortgage itself, so as to be inapplicable to a mortgage offered for record by the Home Owners' Loan Corporation, it being provided by the Act establishing such corporation, that its loans should be exempt from state and municipal taxation. We should emphasize that the mortgage sought to be taxed in the *Pittman case* was offered for record by the Home Owners' Loan Corporation. It is readily apparent that the rule there announced is not applicable under the factual situation here. We should also point out in the *Pittman case* that the tax was sought to be imposed against the corporation which was immune from such tax by reason of the Federal Statute.

The appellant asserts that a Federal Savings & Loan Association is an instrumentality or agency of the United States, and, as such, is exempt from State taxation. In the case of *Capitol Building & Loan Association v. Kansas Commission of Labor and Industry,* 148 Kan. 446, 83 P. (2d) 106, 110, 118 A. L. R. 1212, an action was brought by a Building & Loan Association organized under Kansas law to determine whether it was exempt as a federal instrumentality from making contributions to the

State Unemployment Compensation Fund. It was contended by the plaintiff that by virtue of their ownership of stock in the Federal Home Loan Bank and their consequent membership in its corporate entity, they themselves are federal instrumentalities and are exempt from making contributions to the Unemployment Compensation Fund. The Kansas Supreme Court, in rejecting the claim of the plaintiff, and holding the Building & Loan Association liable for the Unemployment Compensation Fund taxes, said:

"The term 'federal instrumentality' is not defined in our statutes, but it is a common one in the law books. An instrumentality is anything used as a means or agency. 32 C. J. 947. Therefore a federal instrumentality is a means or agency used by the federal government. In the law books the terms 'federal agency' and 'federal instrumentality' are used interchangeably. Thus in 2 Cooley on Taxation (4th ed.) 1300, it is said:

" 'A corporation cannot escape state taxation merely because it was created by the federal government, nor because it was subsidized by it, nor because it is employed by the Federal government, wholly or in part, unless it is really an agency or instrumentality for the exercise of the constitutional powers of the United States.' "

We quote further from the last cited case, the following:

"On the other hand the supreme court has also said:

" 'It is apparent that not every person who uses his property or derives a profit, in his dealings with the government, may clothe himself with immunity from taxation on the theory that either he or his property is an instrumentality of government within the meaning of the (immunity) rule.' *Metcalf & Eddy v. Mitchell,* 269 U. S. 514, 522, 523, 46 S. Ct. 172, 174, 70 L. Ed. 384.

"In the same case it was said:

" 'Just what instrumentalities of either a state or the federal government are exempt from taxation by the other cannot be stated in terms of universal application.  *  *  *

" 'As cases arise, lying between the two extremes, it becomes necessary to draw the line which separates those activities having some relation to government, which are nevertheless subject to taxation, from those which are immune. Experience has shown that there is no formula by which that line may be plotted with precision in advance. But recourse may be had to the reason upon which the rule rests, and which must be the guiding principle to control its operation.' "

We conclude that the appellant is not exempt from the documentary stamp taxes by reason of the provisions of the Federal Statute, 12 U. S. C. A. § 1433, nor is it such a Federal instrumentality or agency entitling it to exemption from the taxes herein assessed by the respondent.

The appellant was organized under the provisions of the "Home Owners' Loan Act of 1933", enacted June 13, 1933. 12 U. S. C. A. § 1464. It is provided in 12 U. S. C. A. § 1464(h) that:

"Such associations, including their franchises, capital, reserves, and surplus, and their loans and income, shall be exempt from all taxation now or hereafter imposed by the United States, and all shares of such associations shall be exempt both as to their value and the income therefrom from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States; and no State, Territorial, county, municipal, or local taxing authority shall impose any tax on such associations or their franchise, capital, reserves, surplus, loans, or income greater than that imposed by such authority on other similar local mutual or cooperative thrift and home financing institutions."

The foregoing statute gives to a Federal Savings & Loan Association exemption from taxation by the state, or lesser taxing authority, with respect to its franchise, capital, reserves, surplus, loans and income, but permit taxation of

such association by the State, or a lesser taxing authority, no greater than that imposed by such authority on other similar institutions.

It seems clear to us that if Congress did not intend to permit the taxation by the State and the lesser taxing authority to the extent and within the limits of 12 U. S. C. A. § 1464(h), it would not have found it necessary to have passed such an Act when there was already in existence the Federal Statute, 12 U. S. C. A. § 1433, which, under the position taken by the appellant, would prevent taxation of the notes executed by it.

The purpose of the restrictive provision contained in 12 U. S. C. A. § 1464(h), providing that a Federal Savings and Loan Association shall not be taxed greater than that imposed on similar local institutions, was to prevent any unfair discrimination against said Federal Savings and Loan Association in matters of State taxation in favor of local institutions carrying on a similar business. Accordingly, a Federal Savings and Loan Association can be taxed only to the same extent that local Building and Loan Associations are taxed. *Cf.* Section 8-610, of the 1952 Code of Laws of South Carolina.

In 84 C. J. S., Taxation, § 157, p. 314, it is said:

"In view of the statute relating to federal savings and loan associations and providing that no state, territorial, county, municipal, or local taxing authority shall impose any tax on such associations or their franchise, capital, reserves, loans, or income greater than that imposed by such authority on other similar local mutual or co-operative thrift and home financing institutions, 12 U. S. C. A., § 1464(h), federal associations are taxable to the same extent as state institutions. Such an association is a financial institution within the meaning of a state statute relating to the taxation of financial, mercantile, manufacturing, and business corporations."

In the case of *State v. Minnesota Federal Savings & Loan Ass'n,* 218 Minn. 229, 15 N. W. (2d) 568, it was held that

a Savings and Loan Association, incorporated under 12 U. S. C. A. § 1464(a), is an instrumentality of the United States and free from taxation except to the extent permitted by Congress. It was also held that allowing State Building and Loan Associations credit against their net taxable income for interest and dividends paid to their members was void as discriminating against Federal Savings and Loan Associations, in violation of the tax uniformity provision of the Minnesota Constitution and 12 U. S. C. A. § 1464(h), which prohibits a State from imposing higher taxes on such Federal Associations than on other similar local mutual or cooperative thrift and home financing institutions.

In the case of *First Federal Savings & Loan Ass'n of Altadena v. Johnson,* 49 Cal. App. (2d) 465, 122 P. (2d) 84, it was held that a Federal Savings and Loan Association was not exempt from State franchise taxes because it did not hold a franchise from the State, and that in view of the provisions of 12 U. S. C. A. § 1464(h), the State may impose on a Federal Savings and Loan Association a franchise tax computed on the basis of annual net income derived from investments of both local and federal funds, where the tax is not greater than that levied on a similar State institution.

We think that the provisions of 12 U. S. C. A. § 1464(h) are clear, unambiguous and unequivocal in permiting the imposition of a documentary stamp tax on promissory notes executed by Federal Savings and Loan Associations when such is no greater than that imposed by the respondent on similar local Building and Loan Associations. We think that by the very terms of the statute, Congress has permitted to the States and the lesser taxing authority the specific right to tax a Federal Savings and Loan Association, but to no greater extent, however, than that with respect to similar local institutions.

We conclude that the respondent, by virtue of the provisions of 12 U. S. C. A. § 1464(h), has properly assessed

and collected the South Carolina documentary stamp taxes here involved, the Congress having expressly granted to the taxing authority the right to impose and collect such.

The exceptions of the appellant are overruled and the judgment of the lower Court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.