18306

Stephen B. ADAMS, Respondent, v. Sam N. BURTS, James A. Calhoun, Jr., Otis W. Livingston, Harold F. Murph, and Robert C. Wasson, constituting the South Carolina Tax Commission, Appellants.

(140 S. E. (2d) 586)

340

*Messrs. Daniel R. McLeod, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Appellants,*

*Messrs. Seigler & Seigler,* of Columbia, *for Respondent,*

February 16, 1965.

Moss, Justice.

Stephen B. Adams, the respondent herein, brought this action against the members of the South Carolina Tax Commission, the appellants herein, under Section 65-2661 *et seq.,* Code of 1962, to recover the sum of $1,575.34,

being additional income taxes, and interest paid under protest, assessed by the appellants against the respondent for the income tax years 1960, 1961 and 1962, inclusive.

It appears from the record that the respondent acquired, on July 6, 1952, a tract of land located in Richland County, and in 1958 he sold the timber thereon for a total price of $63,017.00. The aforesaid purchase price was agreed to be paid on an installment basis and was actually paid in installments of $3,000.00 in 1958, $12,767.00 in 1959, and $15,750.00 in each of the years 1960, 1961 and 1962.

The respondent, who kept his records on a cash receipts and disbursements basis, treated the aforesaid sale as an installment one in the computation of income taxes due to the State of South Carolina for the years 1958 through 1962. The South Carolina Tax Commission acquiesced in and approved election by the respondent of the installment method of reporting the profit on the sale of the aforesaid timber. For the years 1958 and 1959, the respondent reported and paid income taxes to the appellants upon all of the profit received in the installments for these years. However, for the years 1960-1962 inclusive, the respondent deducted from what he considered to be the income otherwise taxable, one half of the gains arising from the sale of said timber, relying upon an amendment to Section 65-258 of the 1952 Code, which said amendment was approved by an Act of the General Assembly of this State on April 21, 1960, 51 Stats. 1660, and is now codified as Section 65-258 (6) of the 1962 Code, and provides for deductions from gross income of:

"One half of gains and losses arising from the sale or exchange of capital assets, as defined in this chapter after allowance for expenses relating to such sale or exchange; and * * *."

It was provided in the aforesaid amendment, Section 7 thereof, that:

"This Act shall, upon approval by the Governor, be effective with respect to income earned on and after January 1, 1960."

The appellants disallowed the capital gains treatment used by the respondent with respect to his taxable income for the years 1960-1962 inclusive, thus resulting in the assessment of additional income taxes for each of said years, all of which is now the subject of this action.

It is the position of the appellants that, properly considered, the income of the respondent with which we are here concerned was "earned" before January 1, 1960, and not "earned on or after January 1, 1960", so as to come within the provisions of the statute above quoted. The respondent contends that the exclusion of one half of the gains reported in the years 1960, 1961 and 1962 was proper on the ground that the excluded income was "income earned on or after January 1, 1960". The real question for decision here is whether or not the income with which we are here concerned from the sale of timber was "earned on or after January 1, 1960".

The Master in Equity for Richland County, to whom this matter was referred, as well as the trial Judge, adopted the position taken by the respondent, that is, that the aforesaid income was earned on and after January 1, 1960, so as to enable the taxpayer, one reporting on the cash receipts and disbursements basis, to exclude from taxable income in each of the years 1960, 1961 and 1962, one half of the gains with respect to the installments received in each of these years.

The record before us reveals that there was a completed sale of the timber in 1958 between the respondent here and the purchaser thereof. The sales price had been fully agreed upon, all events had occurred at that time to fix the amount to be paid by the purchaser and to determine the liabilities of the parties. The sale was consummated then for tax purposes. *Johnson v. South Carolina Tax Commission,* 235 S. C. 155, 110 S. E. (2d) 173. The

respondent here, for reasons of his own, chose to defer the receipt of a part of the purchase price of the timber to subsequent years.

Although not an issue here, it should be borne in mind that at the time of the sale of the timber by the respondent in 1958 there was no statutory authority for reporting income for tax purposes on an installment basis. It was not until 1962 that the General Assembly of this State amended Section 65-286 of the 1952 Code to permit the reporting of income on the installment basis and then only "for taxable years beginning after December 31, 1960". 52 Stats. 226. *Heyward v. South Carolina Tax Commission,* 240 S. C. 347, 126 S. E. (2d) 15. As is heretofore stated, and as was stipulated by the parties to this action, the appellants acquiesced in and approved the respondent's election of the installment method of reporting the profit on the sale of the aforesaid timber.

The question of whether the respondent should have been required to report his entire profit on the sale of the timber as income in the year 1958 is not before us for decision. We will, for the purpose of this appeal, assume the right of the respondent to report his income on an installment basis, particularly in view of the acquiescence in and approval by the appellants of such method.

The respondent emphasizes the fact that he reports his income and pays his tax on a cash receipts and disbursements basis, thus contending that he had not actually received all of the income in 1958 but rather that in 1960, 1961 and 1962, after the effective date of what is now Section 65-258(6) of the 1962 Code, he actually received certain installments to which, under his contention he could apply the aforesaid statute.

It is not logical for us to conclude that it was the intention of the General Assembly, in the enactment of the aforesaid statute with reference to capital gains effective with respect to income earned on and after January

1, 1960, to discriminate against an accrual basis taxpayer and in favor of a cash basis taxpayer so as to make the provisions and advantages readily applicable in the instance of a cash basis taxpayer and not likewise available and applicable to an accrual basis taxpayer. Its application should be the same irrespective of the method of reporting on the part of the taxpayer. The provisions of the aforesaid statute were not made retroactive. It is the real facts, not bookkeeping entries, that give rise to taxable income under tax statutes.

The United States Supreme Court, in the case of *Burnet v. S. & L. Building Corp.*, 288 U. S. 406, 53 S. Ct. 428, 77 L. Ed. 861, considered the real significance of legislation permitting the reporting and assessment of income taxes on the installment basis, and in so doing, considered the installment basis to be a third one for tax returns. The Court saying thereabout:

"Prior to the act of 1926, the Revenue Acts definitely recognized only two bases for tax returns; cash and accrual. Where sales were upon the installment plan, application of either of these bases led to hardship * * *. The new plan was optional; taxpayers were allowed to elect whether to make returns under the regulations upon the new basis or upon one of the old bases."

In *Heyward v. South Carolina Tax Commission*, 240 S. C. 347, 126 S. E. (2d) 15, we pointed out that income tax laws sometimes give a taxpayer selling property for a consideration, payable in installments, an election to distribute the gain over the years during which the payments are received, by returning as income, in any taxable year only such portion of the payment received in that year as the total gain to be realized, when payment is completed, bears to the total contract price. We pointed out that the laws allowing the return of gain on an installment basis "were adopted to alleviate the hardship resulting from the application of either the cash or the accrual method to sales on the installment plan".

The respondent seeks to deduct from gross income ■ one half of his gains arising from the sale of timber under Section 65-258(6) of the Code. It is well established that deductions from gross income are not a matter of right. They are matter of legislative grace, and a taxpayer claiming a deduction must bring himself squarely within the terms of a statute expressly authorizing it. *Fennell v. S. C. Tax Commission,* 223 S. C. 43, 103 S. E. (2d) 424. Therefore, the respondent would be entitled to such a deduction only with respect to "income earned on or after January 1, 1960".

Generally speaking, the usual rules of statutory con- ■■ struction apply to the interpretation of statutes relating to taxation. A tax statute should be construed with a view to ascertaining and giving effect to the intent of the legislature. Tax statutes cannot be extended by implication beyond the clear import of the language used.

As a general rule, the whole profit accruing from a ■ sale of property under an agreement that it shall be paid for in installments in the future is taxable as income of the year in which the sale is made, although not all of the sale price is received during such year. 85 C. J. S. Taxation § 1097, page 761. *Richardson v. Conway,* 7 Cir., 42 F. (2d) 875. Affirmed 7 Cir., 49 F. (2d) 554.

The key word in Section 7 of the statute, which is ■ here being considered, is "earned". In Webster's New Twentieth Century Dictionary the word "earned" is defined as meaning "to gain as profit". Webster's New Collegiate Dictionary defines the word "earned" as meaning to "deserve" and to "merit". The word "earned" has been construed as meaning entitled to a sum of money under the terms of a contract. *Western States L. Ins. Co. v. Lockwood,* 166 Cal. 185, 135 P. 496. "Earned" means to merit or deserve, as labor or services; to do that which entitles one to a reward, whether the reward is received or not, to acquire by labor, services or performance. *Cold Metal Process v.*

*Commissioner,* 6 Cir., 247 F. (2d) 864. Income is earned when all events have occurred which fix its amount and determine the liability of the party from whom it is forthcoming to pay.

It is obvious to us that in 1958, when the respondent completed the sale of the timber to the purchaser thereof, such agreement fixed the amount that he was to receive as the purchase price and the liability of the purchaser was likewise fixed and determined. It was then that the income was earned and such was not, in fact, "earned on or after January 1, 1960" so as to permit the respondent to employ to his advantage Section 65-258(6) of the Code. We think that this accords with and gives effect to the intent of the legislature in the passage of the aforesaid statute.

We do not think there was any intent on the part of the legislature in the passage of the aforesaid statute .to give it the effect contended for by the respondent. It seems to us that if such effect was so intended, the law making body would have expressly so stated.

The order under appeal is reversed and the case is remanded for entry of judgment in favor of the appellants.

TAYLOR, C. J., LEWIS and BUSSEY, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.