19038

The GUARANTY BANK AND TRUST COMPANY, as Substitute Trustee Under the Will of R. P. Byrd dated January 13, 1928, Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(173 S. E. (2d) 367)

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellant,*

*E. N. Zeigler, Esq., for Zeigler & Townsend,* of Florence, *for Respondents,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellant,* in Reply.

April 9, 1970.

Moss, Chief Justice.

The Guaranty Bank and Trust Company, as substitute trustee under the will of R. P. Byrd, the respondent herein, brought this action, pursuant to Section 65-2684 of the Code, against the South Carolina Tax Commission, the appellant herein, to recover income tax paid in the amount of $3,157.28, with interest thereon. The basis for the refund claimed was that a portion of the funds realized from the involuntary conversion of certain real estate was reinvested in property of like kind within two years after the close of the first taxable year in which a part of the gain from the conversion was realized, within the meaning of Section 65-278 of the Code.

The record here reveals that during the year 1965, approximately one hundred and ninety acres of land belonging to the estate of R. P. Byrd, and being administered by the respondent as a part of the trust estate, were condemned by the South Carolina Highway Department, and the gain on the award was reported by the trustee in its 1965 fiduciary income tax return. Income tax on this gain, in the amount

of $3,157.28, was paid by the respondent to the appellant on or about April 6, 1966. The parties admit that the condemnation resulted in an involuntary conversion of the property in question, within the meaning of Section 65-278 of the 1962 Code of Laws.

By the provisions of Section 65-278 of the Code, a person whose property has been involuntarily converted by condemnation is permitted to use the award or compensation therefrom to purchase other property without having a taxable gain for income tax purposes, provided, (1) the other property is similar in use or service to the converted property, and (2) the purchase of such other property is made within two years after the close of the first taxable year in which any part of the gain from the conversion is realized.

R. P. Byrd, Sr. died testate on March 9, 1928, leaving of force and effect his will dated January 13, 1928, which said will was admitted to probate in Florence County on March 15, 1928. By the terms of the aforesaid will, the testator left his real property to his wife, Martha Byrd, for life, and after her death, in trust for his two sons, George S. Byrd and R. P. Byrd, Jr., with various contingent remainders over after the death of each of the two sons. The wife of the testator died in 1936.

The income from the trust property was conveyed by George S. Byrd to Mrs. Mamie McCown in 1945 for his portion of the trust lands. Mamie McCown also obtained the beneficial interest in a smaller portion of the land being held in trust by the respondent, by reason of a conveyance by George S. Byrd to her in 1946. R. P. Byrd, Jr., conveyed his beneficial interest in said lands to Mamie McCown in 1950. The validity of this conveyance was upheld by this Court in the case of *Byrd v. King,* 245 S. C. 247, 140 S. E. (2d) 158. At the time of her death in 1954, Mamie McCown was the owner of a beneficial interest in the trust and she devised her right to the income to her husband, George M. McCown, Jr. who died testate in 1956, leaving the prop-

erty to his son and his two daughters, who are referred to as the McCown heirs.

The respondent instituted a proceeding in the Court of Common Pleas for Florence County, seeking authorization to use a portion of the condemnation proceeds to purchase, for $90,000.00, the interest of the McCown heirs in the trust property, and asserting that the property to be purchased is similar in use or service to the converted property. All beneficiaries of the trust were before the court. A hearing in the case was held before the Master in Equity for Florence County and, by his report dated December 14, 1967, he recommended the purchase of the beneficial interest in the trust property owned by the McCown heirs for the purchase price of $90,000.00. His report contained the following:

"The exchange of the purchase price and the deed or assignment shall, however, be postponed until the trustee shall have received a final authoriative ruling by the Internal Revenue Service that the sale will qualify for a tax exemption under the provisions of 26 U. S. C. A. 1033 as being a reinvestment in property similar, or related in service and use, to the property condemned by the State Highway Department. Upon receipt of such ruling, the trustee should be authorized to pay to Mamie McC. Charles, Rhea McC. King and Hannah Sue C. McCown, as committee for George M. McCown, Jr., the sum of Ninety Thousand and No/100 ($90,000.00) Dollars and to receive from them a conveyance or assignment of the interests which they hold, or which are held for them, in the R. P. Byrd trust lands, and I recommend that Hannah Sue C. McCown, as committee for George M. McCown, Jr., be authorized to sign said conveyance or assignment for George M. McCown, Jr. I further recommend that the Court by appropriate order direct the Guaranty Bank & Trust Company, as Substitute Trustee under the will of R. P. Byrd dated January 13, 1928, to hold the interest conveyed to it by Mamie McC.

Charles, Rhea McC. King, and Hannah Sue C. McCown, as Committee for George M. McCown, Jr., in trust for the use and benefit of the beneficiaries of the R. P. Byrd trust as set forth in his will dated January 13, 1928."

Thereafter, on December 16, 1967, The Honorable James A. Spruill, Resident Judge of the Fourth Circuit, entered an order confirming the Master's report in its entirety and adopting such as the order of the court in the aforesaid cause.

The respondent, on December 19, 1967, filed a claim with the Internal Revenue Service requesting a refund of tax paid in 1965, on the ground that the reinvestment of the proceeds resulting from the condemnation of a portion of the land held in trust into the purchase of a life estate in property held by the same trust, was property similar or related in service or use and qualified for nonrecognition of gain tax treatment under Section 26 U. S. C. A. § 1033. A favorable ruling upon the claim was issued by the Internal Revenue Service on January 23, 1969. Upon receipt of the aforesaid ruling, the respondent, in February, 1969, paid to the McCown heirs the sum of $90,000.00 and received a deed of conveyance or assignment of the interest which they held in the R. P. Byrd trust estate.

The respondent, in December 1967, filed a claim with the appellant for a refund of the income tax paid in 1966 on the ground that the reinvestment of the proceeds resulting from the condemnation of a portion of the land held in trust into a purchase of a life estate in property held by the same trust was property similar or related in service or use and qualified for a nonrecognition of gain tax treatment under Section 65-278 of the Code. At the same time the respondent made a request for extension of time within which to reinvest the proceeds of the award in property similar or related in service or use to the property that had been condemned. The appellant advised the respondent that the refund could not be allowed until a reinvestment was completed and that no

extension of time could be granted. Thereafter, on July 11, 1969, the appellant found that the respondent had not qualified for the tax free reinvestment of the condemnation award and denied the request for a refund.

The instant action was instituted to recover the income tax paid, alleging compliance with Section 65-278 of the Code. The appellant demurred to the complaint on the ground that it appears on the face thereof that facts sufficient to constitute a cause of action are not stated, in that, Section 65-278 of the Code requires as a condition precedent for the nonrecognition of gain from the involuntary conversion of property that the gain be used to purchase property that is similar or related in service or use to the property converted, and further that the purchase of such property be made within two years from the close of the first taxable year in which the gain was realized, and from the facts alleged more than two years elapsed from that time in that the condemnation took place in 1965 and the reinvestment of the proceeds in other property took place in 1969.

The demurrer was heard by the Honorable John Grimball, Resident Judge of the Fifth Circuit. It should be stated that there were attached to the complaint in this action the various exhibits, including the report of the Master in Equity for Florence County, the order of Honorable James A. Spruill confirming the same, and the rulings of the Internal Revenue Service and the South Carolina Tax Commission with reference to the separate claims of the respondent for a refund of the income tax paid in 1966. Thereafter, the court issued an order overruling the demurrer and concluding that the respondent had complied with the provision of Section 65-278 of the Code and was entitled to a refund of the 1966 income tax paid on the gain realized by the involuntary conversion of the trust property. It is from this ruling that the appellant prosecutes this appeal.

The appellant concedes that the purchase by the respondent of the interest of the McCown heirs in the R. P. Byrd

trust estate was property similar or related in service or use to the property converted but contends that the gain from the involuntarily converted property was not used within the time allowed by Section 65-278 of the Code to purchase such property.

Under Section 65-278, the proceeds from an involuntary conversion of property must be reinvested within a period beginning with the date of the disposition of the converted property and ending two years after the close of the first taxable year in which any part of the gain upon the conversion is recognized. Here, the proceeds from the involuntary conversion of the property in question was received in the year 1965 and, under the statute, in order to qualify for nonrecognition of such gain, the respondent was required, within a period of two years, which ended on December 31, 1967, to purchase property similar or related in service or use to the property converted. It is the position of the appellant that the purchase of the other property was not made until 1969, a period in excess of that provided for by Section 65-278 and, therefore, the gain was properly taxable to the respondent in 1965, and, because of such the complaint failed to state a cause of action and the demurrer thereto should have been sustained.

This court has held that constitutional and statutory language creating exemption from taxation will not be strained or liberally construed in favor of the taxpayer claiming an exemption, and he must, in order to be entitled to such exemption, clearly bring himself within the exemption on which he relies. *Textile Hall Corp. v. Hill,* 215 S. C. 262, 54 S. E. (2d) 809; *Arkwright Mills v. Murph,* 219 S. C. 438, 65 S. E. (2d) 665; *M. B. Kahn Construction Co. v. Crain,* 222 S. C. 17, 71 S. E. (2d) 503; *Laurens Fed. Sav. & Loan Ass'n. v. S. C. Tax Commission,* 236 S. C. 2, 112 S. E. (2d) 716; and *York County Fair Ass'n v. S. C. Tax Commission,* 249 S. C. 337, 154 S. E. (2d) 361.

We have also held that in order for a taxpayer to avail himself of a deduction in the calculation of a tax, he must

bring himself squarely within the terms of the statute expressly authorizing it. *Southern Weaving Co. v. Query,* 206 S. C. 307, 34 S. E. (2d) 51; *Fennell v. S. C. Tax Commission,* 233 S. C. 43, 103 S. E. (2d) 424; *Colonial Life & Accident Ins. Co. v. S. C. Tax Commission,* 248 S. C. 334, 149 S. E. (2d) 777; *Adams v. Burts,* 245 S. C. 339, 140 S. E. (2d) 586.

A refund of taxes is solely a matter of governmental or legislative grace and any person seeking such relief must bring himself clearly within the terms of the statute authorizing the same. *Asmer v. Livingston,* 225 S. C. 341, 82 S. E. (2d) 465. In *Southern Soya Corp. v. Wasson,* 252 S. C. 484, 167 S. E. (2d) 311, we held that a taxpayer who seeks to take advantage of a tax deduction must meet the conditions of the statute creating such.

The effect of the order of the lower court was to extend the time in which the respondent could purchase property smiliar or related in service or use to the property converted. The court exceeded its authority in so doing. The statutory method provided by Section 65-278 of the Code which permits a taxpayer whose property has been involuntarily converted by condemnation, to use the award or compensation therefrom to purchase the property without having a taxable gain for income tax purposes within two years from the close of the first taxable year in which the gain was realized is exclusive and the trial court has no authority to extend the time for such purchase. To extend the time beyond the limits provided in Section 65-278 of the Code is a legislative and not a judicial function. Nothing required the Legislature to permit the nonrecognition of gain upon an involuntary conversion and after allowing the same such could be restricted as seemed appropriate to the General Assembly.

For reasons satisfactory to the Legislature, the replacement period provided in Section 65-278 of the Code, ended two years after the close of the first

taxable year in which the taxpayer realized a gain on the involuntary conversion. This replacement period was not conditioned upon a ruling by the Internal Revenue Service that the said sale would qualify for Federal tax exemption. If the General Assembly intended to so condition the statute, it could have easily done so. It did not so say. In order to claim the benefit of Section 65-278 of the Code, the respondent was required to strictly comply therewith, and as a condition precedent to the recovery of the income tax paid in 1966, the gain received in 1965 from the involuntary sale of the property in question must have been used to purchase other property within two years from the close of the 1965 income tax year. The respondent, having failed to comply with the statute, did not qualify for nonrecognition of gain by purchasing replacement property in 1969, similar or related in service or use to the property involuntarily converted.

The United States Tax Court has held that there was no "purchase" when a binding contract was entered into. Although there was an investment risk at the time, the taxpayer didn't assume any other burden and benefit of ownership, including passage of title. Est. of Johnston, 51 T. C. 290; 34 Am. Jur. (2d), Federal Taxation, Section 4229, page 55.

In the case of *Martin Bros. Container and Timber Products Corp. v. State Tax Commission,* 449 P. (2d) 430, the Oregon Supreme Court held that the words "purchase other property", as used in statute providing that if taxpayer for purpose of replacing involuntarily converted property, purchases during specified period other property similar or related in service or use to the property, the gain shall be recognized only to the extent that amount realized upon such conversion exceeded cost of replacement property, did not mean merely getting underway within the specified time but meant a completion of the purchase of the other property.

It is our conclusion that the respondent did not purchase other property within the time prescribed by Section 65-278 of the Code, and, having failed to

comply with the statute, was not entitled to recover the income tax paid on the gain resulting from the involuntary conversion of its property. It follows that the complaint failed to state a cause of action and the demurrer interposed by the appellant should have been sustained.

The judgment of the lower court is reversed and this case remanded thereto so that an order may be entered sustaining the demurrer of the appellant.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.