## 19049

Elizabeth B. WOODWARD and J. Theron Woodward, Respondents,
v. SOUTH CAROLINA TAX COMMISSION, Appellant

(174 S. E. (2d) 344)

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellant,*

*Messrs. Charles W. Knowlton, of Boyd, Bruton, Knowlton & Tate,* and *David W. Robinson, II, of Robinson, McFadden & Moore,* of Columbia, *for Respondents,*

May 6, 1970.

LEWIS, Justice.

The issue to be decided in this appeal is whether the gain from a sale by respondent, Elizabeth B. Woodward, of an interest in land was received by her for income tax purposes in 1959 or 1961. The year in which the gain was received becomes material because of statutory changes made after 1959 affecting capital gains and installment reporting thereof. See: Sections 65-258(6) and 65-286, 1962 Code of Laws. Appellant, South Carolina Tax Commission, made a deficiency assessment for income taxes based upon a sale of the land and receipt of the gain in the year 1959. The respondent contested the assessment, contending that the sale was not completed and the gain received until 1961, and paid the taxes under protest. This action was then brought to recover the amount so paid. While the action is brought

in the name of both, Mr. and Mrs. Woodward, our references to respondent will mean Mrs. Woodward since the taxes involved concern only the sale of land by her.

This appeal is by the Tax Commission from an order of the lower court sustaining respondent's position and ordering a refund of the taxes paid under protest. The lower court, in doing so, reversed findings of the Master upholding the assessment made by the Tax Commission. In disposing of the appeal, we confine our determination to the questions argued in respondent's brief. They are stated substantially as follows:

(1) Did respondent, Elizabeth B. Woodward, make a sale of her interest in the land in 1959?

(2) Did respondent receive taxable income in 1959?

The material facts are not in dispute. Respondent and her two sisters owned, in equal shares, a tract of land in Richland County, South Carolina, known as the Lightwood Knot Tract. On August 31, 1959, the owners entered into an agreement with J. Donald Dial, C. Heath Manning, and the partnership of Boyd, Bruton & Lumpkin providing for the sale of the tract to a corporation to be thereafter formed under the name of Lightwood Knot Development Company. The owners were to execute a deed to the corporation and take, in return, a mortgage as security for the entire purchase price. The consideration agreed upon was the sum of $1,000.00 per acre. The exact acreage within the tract was not known, but it was agreed that the deed and mortgage would be prepared on the basis of an estimated 500 acres and adjusted after an "accurate survey" was made. The survey was to be ordered promptly. The agreement further stated that "the deed and mortgage may be held in escrow and not recorded until necessary." The consideration was to be paid in installments beginning not sooner than one year from date.

The corporation, contemplated in the agreement of sale, was chartered on October 2, 1959. The deed, note and mortgage were prepared and executed on the basis of the esti-

mated acreage and delivered in escrow to the Citizens and Southern National Bank in Columbia, South Carolina, on October 27, 1959. The binding agreement of the parties shows that the placing of the instruments in escrow was for the sole purpose of later adjusting the consideration to conform to the acreage shown by an *accurate survey*.

The survey was ordered promptly and delivered on or about November 9, 1959 showing that the tract of land contained 414 acres instead of the estimated 500 acres as shown in the deed. This survey was an *accurate survey* of the land and, although they did so reluctantly, was so accepted by respondent and the other owners sometime in 1960. The Bank held the deed and mortgage in escrow until about April 28, 1961 at which time they were recorded. It is inferable from the record that the failure to record the instruments until 1961 was due in part to prolonged discussions relative to the shortage in the acreage in the tract.

The first question to be decided is whether respondent made a sale of her interest in the land in 1959. Appellant contends that the sale was completed in 1959 when the deed and mortgage were executed and delivered in escrow; while respondent takes the position that the sale was not completed until 1961 when the instruments were recorded.

We think that the execution of the deed and mortgage and their delivery to the Bank in escrow clearly vested title to the land in the grantee. The record shows an intent on the part of the owners to part with all interest in the land at that time. The only condition of the escrow was the making of an *accurate survey*. The making of the survey was not a condition upon which the sale would be made, but was for the sole purpose of fixing the amount of the consideration since the exact acreage in the tract was not known. Nor was the sale conditioned upon an *acceptable* survey being made. If it was accurate, it was binding on all parties. The only recourse of the parties upon the completion of an accurate survey was to have the consideration adjusted up or down on the face of the note, as the survey indicated.

While the amount of the consideration was not definitely fixed in the instrument, the parties entered into a binding agreement under which the consideration was capable of being determined. Under the foregoing circumstances, the transfer of title to the land was completed in 1959 at the time of the execution of the deed and mortgage and their delivery to the bank in escrow.

Not only was the transfer of title completed in 1959 but the survey, referred to in the agreement and necessary to fix the exact amount of the consideration, was made in 1959. The fact that the parties did not finally recognize the accuracy of the survey until after 1959 did not alter its binding effect as of the time when made. To hold that the sale was not consummated until there was an *acceptance* by the parties of an *accurate survey* would be tantamount to writing into the agreement a new condition. The only agreement was that the exact consideration would be determined by an *accurate survey*. It is undisputed that this was made on November 9, 1959. Under their agreement, the consideration became fixed at that time.

The evidence conclusively shows that the sale was consummated and every liability of the parties determined in 1959.

The remaining question involves a determination of when the gain from the sale of the land was received by respondent for income tax purposes.

A Mortgage was executed by the purchaser for the entire purchase price of the property. It was contemplated that the purchaser would develop the property as a residential subdivision and that the mortgage indebtedness would be paid from the proceeds of the sale of lots. The note provided that the annual payments, however, would not be less than $5,000.00 per year, commencing on October 26, 1960. In accordance with the terms of the sale, respondent received no payments until 1961. She contends that she received nothing of value in connection with the transaction until 1961 and therefore received no taxable income until that time.

Income is earned and received for tax purposes "when all events have occurred which fix its amount and determine the liability of the party from whom it is forthcoming to pay." *Adams v. Burts,* 245 S. C. 339, 140 S. E. (2d) 586.

While the deed and mortgage were not recorded until 1961 and the purchase price of the property was to be paid in installments in the future, the liability of the parties became fixed in 1959 when the sale was consummated and the accurate survey was made. The gain from the sale was accordingly taxable in that year. This is in accord with the general rule stated in the *Adams case, supra,* that "the whole profit accruing from a sale of property under an agreement that it shall be paid for in installments in the future is taxable as income of the year in which the sale is made, although not all of the sale price is received during such year." See also: *Johnson v. S. C. Tax Commission,* 235 S. C. 155, 110 S. E. (2d) 173.

Reversed and remanded for entry of judgment in favor of appellant.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.