**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jasper County Board of Education, Appellant,

v.

Jasper County Council and Jasper County Auditor, Respondents.

Appellate Case No. 2013-002266

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2015-UP-430
Heard April 16, 2015 – Filed August 19, 2015

**AFFIRMED**

Kenneth L. Childs, William F. Halligan and Keith Robert Powell, all of Childs & Halligan, PA, of Columbia, for Appellant.

David L. Tedder, of David L. Tedder, PA, of Beaufort, and Marvin C. Jones, of Ruffin, for Respondents.

**PER CURIAM:** In this appeal from a declaratory judgment, the School Board of Jasper County (the Board) argues the trial court erred in failing to find the Board

has the authority to determine the school operating tax levy and millage rate for the School District of Jasper County.

We find the trial court did not err in holding the Jasper County Council, rather than the Board, has the authority to determine and set the millage rate. *See Adams v. Burts*, 245 S.C. 339, 345, 140 S.E.2d 586, 590 (1965) ("Generally speaking, the usual rules of statutory construction apply to the interpretation of statutes relating to taxation. A tax statute should be construed with a view to ascertaining and giving effect to the intent of the legislature."); *Perry v. Bullock*, 409 S.C. 137, 140, 761 S.E.2d 251, 253 (2014) ("The plain language of a statute is considered the best evidence of the legislature's intent."); *Adams*, 245 S.C. at 345, 140 S.E.2d at 590 ("Tax statutes cannot be extended by implication beyond the clear import of the language used."); S.C. Code Ann. § 4-9-70 (1986) ("[E]xcept as otherwise provided for in this section the county council shall determine by ordinance the method of establishing the school tax millage except in those cases where boards of trustees of the districts or the county board of education established such millage at the time one of the alternate forms of government provided for in this chapter becomes effective."); *Stone v. Traynham*, 278 S.C. 407, 410, 297 S.E.2d 420, 422 (1982) ("By enacting [section] 4-9-70, the General Assembly attempted to insure that the taxing power for all school districts would be properly vested in some authority. The clear intent is to vest the power to determine the school tax levy in county council in all cases where it is not vested elsewhere."). In creating the County Council in 1968, the General Assembly granted it the power "[t]o make appropriations and to levy taxes therefore for corporate and for educational purposes . . . ." Act No. 982, 1968 S.C. Acts 2370, 2372. The General Assembly gave the Board authority over the educational program for the schools and budgetary powers, but it did not grant the Board any taxing authority. Act No. 601, 1971 S.C. Acts 1114. The 1989 amendment did not alter the financial powers of the Board. Act. No. 288, 1989 S.C. Acts 1685. The County Council, not the Board, was setting the millage rate at the time the council-administrator government was chosen in the mid-1970s. The Board presented no evidence it has ever set the millage rate for the School District. Thus, pursuant to section 4-9-70, the County Council has the authority to set the millage rate. Consideration of Articles VIII, X, and XI of the South Carolina Constitution does not change our interpretation of this clear and unambiguous statute and these legislative acts. Furthermore, as the trial court noted, the Board abandoned any challenge to the constitutionality of the statute and acts.

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**