## 11107

### PEOPLE'S BANK OF ROCK HILL v. PEOPLE'S BANK OF ANDERSON

#### (115 S. E., 736)

1. EVIDENCE—JUDICIAL NOTICE OF COUNTY WHEREIN TOWNS ARE LOCATED.—The Court will take judicial notice that Rock Hill is located in York County.

2. CHATTEL MORTGAGES—DESCRIPTION OF LAND UPON WHICH MORTGAGED COTTON GROWN HELD SUFFICIENT UNDER STATUTE.—A mortgage of a cotton crop, described as being grown "on the Stewart

place, the Steele place, and the Fewell place, or about two miles north of Rock Hill, S. C.," *held* sufficient to comply with Civil Code 1912, § 4106, providing that the land upon which crops are grown must be "described and mentioned" in such mortgage.

3. STATUTES—UNCONSTITUTIONAL SECTIONS WILL BE STRICKEN IF REMAINDER IS A CONNECTED AND CONSISTENT WHOLE.—Where one section of a Statute may be stricken out as unconstitutional, leaving the remainder valid, the Court will always adopt such a course, provided the remainder of the Statute is a connected and consistent whole.

4. CONSTITUTIONAL LAW—EVERY REASONABLE PRESUMPTION IN FAVOR OF CONSTITUTIONALITY.—In solving the question of constitutionality, the Courts will indulge every reasonable presumption and solve every reasonable doubt in favor of the Statute.

5. STATUTES—STATUTE AS TO REGISTRY OF CHATTEL MORTGAGES HELD VALID, REGARDLESS OF UNCONSTITUTIONAL PROVISO.—Civil Code 1912, § 1356, providing that it shall be sufficient registry and record of any chattel mortgage covering crops without reference to the amount thereof, to enter upon an index book, to be kept for that purpose by Register of Mesne Conveyances the names of mortgagor and mortgagee, the amount and character of the debt, and a brief description of the crops pledged, with a brief description of the lands, *held* constitutional, regardless of the unconstitutional proviso that the act shall apply only in certain named counties.

Before SEASE, J., York, August, 1921. Affirmed.

Claim and delivery by the People's Bank of Rock Hill against Williams & Co., wherein the People's Bank of Anderson intervened. From a decree in favor of plaintiff and defendants, intervener appeals. Affirmed.

The decree of the Court below, referred to in the opinion, was as follows:

This is an action of claim and delivery brought against the defendants Williams & Co., August 8, 1921, to recover possession of 56 bales of cotton. Upon the service of the papers the property in dispute was taken by the sheriff of York County from the possession of Williams & Co., and sold after due advertisement. In due time the defendant People's Bank of Anderson, S. C., intervened, claiming rights as a third party in the property in dispute, and the

question as to title to the cotton comes before me upon an agreed statement of fact.

The complaint alleges that in May, 1920, one Pat W. Major, a resident of Rock Hill, S. C., executed to plaintiff a crop mortgage in the sum of $11,000, covering crops raised on three tracts of land near Rock Hill, S. C.; that the 56 bales of cotton in dispute were grown upon these premises, and are covered by the lien of the plaintiff's mortgage; that in the month of November, 1920, this cotton was placed by Major in the warehouse operated by the defendants Williams & Co., at Rock Hill, S. C.; that the conditions of the crop mortgage have been broken, and the plaintiff is entitled to recover the cotton in question from the defendants Williams & Co., who hold it as warehousemen. The defendants Williams & Co. interposed a general denial, alleging that they are in the position of stakeholders, whose only interest is to see that the property in question is delivered to the true owners. The People's Bank of Anderson, S. C., intervener, by way of answer, alleges that the crop mortgage of the plaintiff is void because the description of the lands upon which the crops were grown is insufficient under Section 4106 of the Code of Laws of South Carolina, Vol. I, 1912; that the record of the chattel mortgage in the R. M. C. Office, York S. C., pursuant to Section 1356 of the Code of 1912 is insufficient, in that the said section is unconstitutional as being in violation of Article 3, § 34, Subd. 11, of the Constitution of South Carolina, in that the said section is local and special legislation, where a general law is applicable.

The agreed statement of fact, upon which this controversy is before me for decision, sets forth that the claim of the Anderson Bank is based upon a transfer to it by Major of the warehouse receipts of Williams & Co., on December 14, 1920, in consideration of $5,000, of which amount $4,476.66 was past indebtedness, and $520.34 was

present consideration. It is further recited that the mortgage of the plaintiff was properly executed, that the sum of $11,000, with interest and attorneys' fees, is due thereon, and that the said mortgage constitutes a valid lien on the cotton in question as between the plaintiff and Major. It is admitted that the 56 bales of cotton were stored by Major in the warehouse of Williams & Co., in three lots— 25 bales November 22d, 25 bales November 22d, and 6 bales November 23d, 1920; that the officers of the plaintiff bank, upon learning that the receipts had been issued to Major, made every effort to have the receipts turned over to the plaintiff bank, but that Major delivered the receipts to the defendant bank as set forth above. It is further agreed that Williams & Co. occupy the position of warehousemen, being liable only to one of the said banks, and that upon the settlement of the issues as between the two banks, Williams & Co. will be absolved from further liability.

The description in the plaintiff's mortgage is as follows: "All crops of every nature and description, cotton, corn, and grain grown by or for me during 1920, either as croppers, wages, renters, or otherwise on the Stewart place, the Steele place, and the Fewell place, all about two miles north of Rock Hill, S. C." It appears that the mortgage was executed in York County, and that both the mortgagor and the mortgagee reside therein. The Court will take judicial notice of the fact that Rock Hill is located in York County. Section 4106 of the Code provides that the land upon which crops are mortgaged must be "described or mentioned in said mortgage."

It is clear that this description, mentioning the plantations concerned and locating them two miles north of Rock Hill, S. C., is a sufficient description to comply with the terms of Section 4106. *Kimbrell v. Mills and Young,* 100 S. C., 443.

Section 1356, Code of Laws of South Carolina, 1912, Vol. I, provides as follows:

"*Sufficient Registry Record of Chattel Mortgage of Crops*—It shall be sufficient · registry and record of .any chattel mortgage covering crop or crops without reference to the amount thereof, to enter upon an index book to be kept for that purpose by register of mesne conveyance the names of mortgagor and mortgagee, the amount and character of the debt secured and brief description of the crop pledged, also the year in which; and a brief description of the lands on which, such crops are cultivated, the date of the maturing of the debt and the date of filing such mortgage for record: *Provided, however,* if other chattels are included in a mortgage with crops and such mortgage is recorded in the regular way, such recording shall be sufficient notice of the crop mortgage without indexing same: *Provided,* that this act shall not apply to the counties of Sumter, Clarendon, Berkeley, Georgetown, Abbeville, Richland, Greenville, and Beaufort."

The crop mortgage here in question was proved in due form by affidavit of the subscribing witness, but was indexed by the clerk of Court for York County, and not recorded. It is contended by the defendant bank that this indexing was not sufficient notice to it of the plaintiff's mortgage, because Section 1356, providing for the indexing of crop mortgages, is unconstitutonal, on the ground that it is special legislation, where a general law might be applicable.

It will be noted that the section in question proceeds to lay down a general rule providing for the indexing instead of recording in full of chattel mortgages covering crops, without reference to any amount, and the proviso is added that the terms of the section shall not apply in eight counties specifically named.

Article 3, § 34, Subd. 11, of the Constitution specifically provides for the enactment of special provisions in a general law, and it is clear that the effect of the proviso, if constitutional, would only be to establish such a condition. *Grocery Co. v. Burnett,* 61 S. C., 205, 39 S. E., 381, 58 L. R. A., 687.

But even assuming that the section as it stands including the proviso is unconstitutional as being obnoxious to Subdivision 11, § 34, Art. 3, it is clear that this result is achieved only by means of the proviso. Without this the section stands as a general law, applicable in every county of the State. Where one section of the statute may be stricken out as unconstitutional, leaving the remainder valid, the Court will always adopt such a course, provided the remainder of the Statute is a connected and consistent whole. *State v. Burns,* 73 S. C., 194, 52 S. E., 960.

As was said in the case of *Murph v. Landrum,* 76 S. C., 34, 56 S. E., 854: "It would be inconsistent with all just principles of constitutional law to adjudge these enactments void because they are associated in the same act, but not connected with or dependent upon others which are constitutional; when, therefore, a part of a statute is unconstitutional that fact does not authorize the Court to declare the remainder void also unless all the provisions are connected in subject-matter depending on each other, operating together for the same purpose. * * * The constitutional and unconstitutional provisions may even be contained in the same section, and yet be * * * separable."

In solving the question of constitutionality, the Courts will indulge every reasonable presumption and solve every reasonable doubt in favor of the Statute. In *Thomas v. Columbia Railway,* 100 S. C., at page 481, 85 S. E., at page 51, it is said: "For the same reason, the legislative judgment in determining whether a general law can be made applicable must be given due consideration; and, a proper respect for a co-ordinate branch of

the government requires that, when the Legislature has, by the enactment of a special law, in effect, declared that a general law cannot be made applicable, its decision should not be overruled by the Courts, if there is any reasonable hypothesis from which that decision can be predicated." In the case before me, neither the counties of York nor Anderson are included within the terms of the proviso, and in any event the proviso may be stricken out, leaving one rule applicable throughout the entire state.

I, therefore, hold that Section 1356 of the Code of Laws of South Carolina, Vol. I, 1912, is constitutional so as to allow the indexing rather than recording of crop mortgages in York County, and therefore the record of the plaintiff's mortgage operated as constructive notice to the defendant bank. From the facts appearing in the record, I further find that plaintiff is entitled to recover from the defendants Williams & Co., the 56 bales of cotton in dispute, and that the defendant the People's Bank of Anderson, S. C., has no right or title therein. The plaintiff's attorneys raised before me the additional point that, even if the statute in question were unconstitutional, and the defendant bank is in a position of an innocent holder of the warehouse receipts, nevertheless the defendant bank is not a holder for valuable consideration, except to the extent of $520.34, which was the present consideration advanced to Major at the time of the transfer. This position is based upon the authority of *Sanders v. Warehouse Co.*, 101 S. C., 381, 85 S. E., 900, and *Heyward-Williams Co. v. Zeigler,* 106 S. C., 425, 91 S. E., 298. I considered that the position taken by plaintiff's attorneys is fully supported by the authorities cited, and by the facts of this case, because $520.34 represents the full amount of money parted with by the defendant bank on the faith of the receipts. But, in view of the decision which the Court has reached on the constitutionality of Section 1356, it is not necessary to dispose of this contention of plaintiff's attorneys.

It appearing from the agreed statement of fact that the defendants Williams & Co. occupy the position of stakeholders between the two banks in litigation, and it further appearing that the cotton in question has already been taken from Williams & Co. by the Sheriff of York County, acting for the plaintiff bank, I further hold that the defendants Williams & Co. are relieved from any further liability 'in connection with the issue of warehouse receipts covering the cotton in dispute. The clerk of the Court of York County, S. C., is directed to cancel said receipts upon authority of his decree.

And it is so ordered.

*Messrs. Bonham & Allen* and *J. Harry Foster,* for appellant, cite: *Recordation under unconstitutional act no notice:* Const., 1895, Art. 3, Sec. 34, Subd. 9; 60 S. C., 501; 59 S. C., 110; 56 S. C., 516; 51 S. C., 54; 85 D. C., 186; Sec. 1356, I Civ. Code 1912, *is null and void: Past indebtedness not sufficient consideration to constitute relation of purchaser for valuable consideration without notice:* 106 S. C., 430; 49 S. C., 469.

*Messrs. Spencer & White,* for respondent, cite: *Sec. 1356 is consitutional:* 61 S. C., 205; 73 S. C., 194; 100 S. C., 479. *Where part only of act is unconstitutional, balance will stand:* 109 S. C., 1; 76 S. C., 34; 30 S. C., 360. *Special provisions permissible in general law:* 109 S. C., 1; 76 S. C., 194. *Past indebtedness not sufficient consideration to make party a purchaser for value without notice:* 106 S. C., 425; 49 S. C., 469; 43 S. C., 28; 45 S. C., 83. *Warehouse receipt not negotiable:* 101 S. C., 381.

January 18, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein stated the decree of his Honor, the Circuit Judge, is affirmed.

MR. JUSTICE WATTS concurs.

MR. JUSTICE MARION concurs in result.

MR. JUSTICE FRASER: I dissent.

I cannot see how this act can be constitutional. Eight counties are exempt from its operation. "Provided that this act shall not apply to the counties of Sumter," etc. The named counties are entirely exempt from its operation. It cannot be successfully held that we may strike out the unconstitutional proviso and leave the act there, so that the act applies to the whole state. It cannot operate in Abbeville County, because the statute specifically says it shall not. No reason has been suggested for a difference in the recording laws.

It seems to me that, as to the $520.34, the appellant should be protected.

MR. JUSTICE COTHRAN concurs.