21614

Wade R. CROW, Hugh Driggers, Leroy English, T. C. Bristow, L. R. Carabo, Caroline Gibson, Clemon Kimrey, Nazel Spears, Alex Turner, Jr., Hamer McIntyre, and J. Steven Hinson, Appellants, v. James C. McALPINE, Julian Wright, John Foster, L. H. Calhoun, Robert H. Stillwell, Bill Burroughs, Donnie Chavis and their successors in office as members of the Marlboro Board of Education; John C. Lindsay, Albert E. Carmichael, Jr., David M. Beasley, and their successors in office as members of the "Marlboro County Legislative Delegation"; and Maria Turnage Thomas and her successors in office as Treasurer of Marlboro County, Respondents.

(285 S. E. (2d) 355)

*David W. Keller, Jr.,* and *Louis D. Nettles,* both of *Mc-Gowan, Nettles, Keller & Eaton,* Florence, *for appellants.*

*Jamie F. Lee,* Bennettsville, and *Asst. Atty. Gen. James M. Holly,* Columbia, *for respondents.*

December 15, 1981.

*Per Curiam:*

This action is brought by appellants as residents, electors and taxpayers of Marlboro County seeking declaratory relief from alleged unconstitutional portions of various Acts dealing with the Marlboro County Board of Education, ("the Board"). Additionally, appellant J. Steven Hinson seeks a refund of certain property taxes levied for use by the Board and paid by him under protest. The lower court upheld the constitutionality of the provisions in question. We affirm in part and reverse in part.

In resolving the questions presented, we are mindful of several principles of law which are fundamental to the proper adjudication of constitutional challenges to statutory enactments. As restated by *Bauer v. South Carolina State Housing Authority,* 271 S. C. 219, 226, 246 S. E. (2d) 869 (1978):

"'Our Constitution is not a grant of power, but a limitation on what, absent limitations therein, would be a plenary power

in the people or their elected representatives. Accordingly, it is not sufficient for us to find that an act is offensive to what may be prevailing notions of the proper sphere for state governments. It is necessary, in order for us to strike down an act of the General Assembly to find that it offends specific provisions of the state constitution which have limited and circumscribed legislative action in that area.' *Elliott v. McNair*, 250 S. C. 75, 84, 156 S. E. (2d) 421, 426 (1967); *accord*, *Anderson v. Baehr*, 265 S. C. 153, 217 S. E. (2d) 43 (1975), and *Duke Power Co. v. Bell*, 156 S. C. 299, 152 S. E. 865 (1930). 'This Court has repeatedly held that all reasonable doubt must be resolved in favor of the constitutionality of the act. If a constitutional construction of a statute is possible, that construction should be followed in lieu of an unconstitutional. construction.' *Casey v. S. C. State Housing Authority, supra*, 264 S. C. [303] at 312-3, 215 S. E. (2d) 184 at 187."

Guided by the foregoing principles we proceed to consideration of the challenged legislation.

# I

Under the provisions of Act 1026 of the Acts and Joint Resolutions, 1966, [Codified as S. C. Code § 21-3503 (1962), as amended], the Board is composed of persons appointed by the Governor for five year terms upon the recommendation of the Marlboro County Legislative Delegation, ("the Delegation"). This power to recommend appointments conferred upon the Delegation is attacked as violative of Article I, Section 8, of the South Carolina Constitution, which requires a separation of the executive, legislative and judicial powers of government. The argument presented by appellants asserts that the function assigned the Delegation is not a legislative one and therefore cannot be exercised by the Delegation.

The function of making or recommending appointments to public office does not necessarily or ordinarily belong to either the legislative, executive, or judicial branches of state government. Unless restrained by the Constitution, the General Assembly may provide for this power to be performed by any of the three branches of government. *State ex rel. Lyon v. Bowden*, 92 S. C. 393, 75 S. E. 866 (1912). Here, the General

Assembly has seen fit to make the exercise of the power to recommend appointments a legislative function. We believe the exercise of this particular legislative function is one that could be conferred upon and performed by the Delegation. *Gould v. Barton,* 256 S. C. 175, 181 S. E. (2d) 662 (1971); *Benjamin v. Housing Authority of Darlington County,* 198 S. C. 79, 15 S. E. (2d) 737 (1941); *State ex rel. Coleman v. Lewis,* 181 S. C. 10, 186 S. E. 625 (1936).

## II

Pursuant to Section 12 of Act 782 of the Acts and Joint Resolutions, 1956, [Codified as S. C. Code § 21-3515 to § 21-3517 (1962)], as amended,[1] the Board is authorized to direct the levy and collection of all tax millage necessary to meet the school district operating budget. Appellants contend delegation of the taxing power by the General Assembly to a local board in whose apointment the people have not directly assented by popular vote violates Article X, Section 5 of the South Carolina Constitution.

The relevant portion of Article X, Section 5 provides:

No tax, subsidy or charge shall be established, fixed, laid or levied under any pretext whatsoever, without the consent of the people or their representatives lawfully assembled. . . .

This clause is commonly referred to as the constitutional prohibition against taxation without representation. It recognizes the principle that all powers of taxation actually repose in the people.

The people of this State, in their sovereign capacity have, by the Constitution, entrusted the taxing power to the General Assembly and except by express permission of the sovereign authority, this power cannot be delegated to any subordinate agency. *Gaud v. Walker,* 214 S. C. 451, 53 S. E. (2d) 316 (1949). Presently, Article X, Section 6 of our Constitution authorizes delegation of the taxing power to political subdivisions of the State. School districts and their governing boards are generally considered political subdivisions of the

---

[1] *See* Sections 5, 6, and 7 of Act 389 of the Acts and Joint Resolutions, 1963.

State and hence may properly be vested with the State's taxing power. *See Tucker v. Kershaw County School District, et al.,* 279 S. E. (2d) 378 (S. C. 1981); *Graham v. Charleston County School Board,* 262 S. C. 314, 204 S. E. (2d) 384 (1974); *Easler v. Maybank,* 191 S. C. 511, 5 S. E. (2d) 288 (1939).

Accordingly, we are presented with the question of whether the State's taxing power may, consistently with Article X, Section 5, be delegated to a political subdivision composed exclusively of appointed members.

Other jurisdictions have held that the legislative power to tax cannot be conferred upon a purely appointive body. *Wilson v. School District of Philadelphia,* 328 Pa. 225, 195 A. 90 (1937); *Vallelly v. Board of Park Commissioners,* 16 N. D. 25, 111 N.W. 615 (1907); *State ex rel. Howe v. Mayor of the City of Des Moines,* 103 Iowa 76, 72 N.W. 639 (1897); *Schultes v. Eberly,* 82 Ala. 242, 2 So. 345 (1887). These decisions point out that delegation of the taxing power should be kept within defined lines, with supervisory control always vested in elective bodies. 71 Am. Jur. (2d) *State & Local Taxation,* § 146.

As previously indicated, Article X, Section 5 recognizes that the power to levy taxes rests with the people. As such, we believe it constitutes an implied limitation upon the power of the General Assembly to delegate the taxing power. Where the power is delegated to a body composed of persons not assented to by the people nor subject to the supervisory control of a body chosen by the people, this constitutional restriction is violated.

The taxing power is one of the highest prerogatives of the General Assembly. Members of this body are chosen by the people to exercise the power in a conscientious and deliberate manner. If this power is abused, the people could, at least, prevent a recurrence of the wrong at the polls. However, where the power is reposed in a body not directly responsible to the people, the remedy is uncertain, indirect and likely to be long delayed. The unlimited power of taxation attempted to be conferred by the Act under consideration is itself a forcible reminder that the power to fix and levy a

tax should only be conferred upon a body which stands as the direct representative of the people, to the end that an abuse of power may be directly corrected by those who must carry the burden of the tax.

Accordingly, we hold that the General Assembly may not, consistent with Article X, Section 5, delegate the unrestricted power of taxation to an appointive body. The Act in question is unconstitutional insofar as it undertakes to confer the arbitrary power upon the Board to fix and determine the amount of tax to be levied for school operations. However, we are cognizant of the disruptive effect today's decision could have on the financial operation of the school system. We hold that today's decision shall be applied prospectively beginning with the next tax year, with one exception. Appellant Hinson is entitled to a refund of the property taxes which he paid under protest. S. C. Code § 12-47-10, *et seq.* (1976).

We add that our decision on this second question should not be interpreted as vesting appellants, as electors, with the absolute right to vote for the Board's members. This is, of course, implicit in our resolution of the first question in the case. However, Article XI, Section 3 of our Constitution expressly charges the General Assembly with the duty to provide for a system of public education. *Moye v. Caughman,* 265 S. C. 140, 217 S. E. (2d) 36 (1975). Thus, there is nothing to prevent the General Assembly from making all school boards appointive. Where such boards are appointed our decision today would at least prohibit their unrestricted exercise of the taxing power.