21807

In Re John B. STONE, Jr., Hugo S. Sims, Jr., Amelia S. Roberts, Caroline H. Dubose, and Steve L. Wiker, constituting all of the members of the Board of Trustees of Orangeburg County School District No. 5, Fred C. Mack, Vernon Ott, Jr., Chapel Davis, Jr., John H. Bonnette, F.G.S. Everett, J.C. Nicholson, Jr., and James F. Walsh, constituting all of the members of the Orangeburg County Council, Coker N. Price, Orangeburg County Auditor, and J. Steve Summers, Orangeburg County Treasurer, Petitioners, v. William W. TRAYNHAM, Jr., Respondent.
(297 S. E. (2d) 420)

*Harris A. Marshall, C. Walker Limehouse,* Orangeburg, and *Huger Sinkler* and *Charlton deSaussure, Jr.,* of *Sinkler, Gibbs & Simons,* Charleston, *for petitioners.*

*John F. Shuler* of *Bryant, Fanning & Yarborough,* Orangeburg, *for respondent.*

November 9, 1982.

HARWELL, Justice:

Respondent's declaratory judgment action seeks to enjoin petitioners from implementing a county ordinance which sets forth the method of establishing the school tax millage. Respondent, a taxpayer of Orangeburg County School District Number 5, alleges that the members of the Orangeburg County Council were without authority to pass the ordinance thereby rendering the ordinance unconstitutional. Petitioners are the members of the Board of Trustees for Orangeburg County School District Number 5, members of the Orangeburg County Council, and the Orangeburg County Auditor and Treasurer. At petitioners request, we accepted jurisdiction pursuant to Article V, § 5 of the South Carolina Constitution and S. C. Code Ann. § 14-3-310 (1976) because of the ugent public interest involved. We declare the ordinance valid.

Upon recommendation of the legislative delegation, the Governor appoints the members of the Orangeburg County Board of Education. The qualified electors elect the members of the board of trustees for each school district within the county. 1951 Act No. 256. In 1979, the legislature provided that the appointed County Board should establish the Orangeburg County School tax millage. 1979 Act No. 291. Subsequently, we held in *Crow v. McAlpine,* S. C., 285 S. E. (2d) 355 (1981) that participation by an appointed board of education in the budgeting process of a school district constituted taxation without representation. As a result of the *Crow* decision, the Orangeburg County Council adopted the ordinance which respondent questions. The ordinance directs the elected boards of trustees in each school district to adopt a resolution prescribing the school budget for the July 1, 1982—June 30, 1983 fiscal year. It also orders the county auditor and treasurer to levy and collect the necessary taxes. County Council

cited S. C. Code Ann. § 4-9-70 (1976) as authority for its adoption of the ordinance.

> .... [C]ounty council shall determine by ordinance the method of establishing the school tax millage *except in those cases where* boards of trustees of the districts or *the county board of education* established such millage at the time one of the alternate forms of government provided for in this chapter becomes effective. (Emphasis added)

Respondent alleges that the exception to § 4-9-70 must apply in Orangeburg County because the county board established the millage when the form of government under the Home Rule Act became effective. He contends the exception prohibits county council from determining the method of taxation and vests that authority in the appointed county board of education. However, *Crow* prohibits an appointed body from levying taxes. Therefore, respondent's argument leaves Orangeburg County without a means to finance its school system. On the other hand, petitioners contend that *Crow* renders the exception in § 4-9-70 unconstitutional as it applies to appointed county boards of education but that the exception should not limit the remainder of the statute allowing the county council to prescribe the method of determining the school tax millage.

We must determine how *Crow v. McAlpine* affects § 4-9-70 when the exception applies to an *appointed* authority. Respondent urges a literal reading of the statute; petitioners allege the statute should be construed according to legislative intent.

We agree with petitioners. The separation and independence of each branch of government require that we go no further than absolutely necessary in declaring unconstitutional an action of the legislature. Although we are hesitant to declare any portion of a statute unconstitutional, we may invalidate a separable part without impairing the remainder. *Parker v. Bates*, 216 S. C. 52, 56 S. E. (2d) 723 (1949). *See also, Henderson v. McMaster*, 104 S. C. 268, 88 S. E. 645 (1916); *Carroll v. Town of York*, 109 S. C. 1, 95 S. E. 121 (1918); *People's Bank of Rock Hill v. People's Bank of Anderson*, 122 S. C. 476, 115 S. E. 736 (1923); *Gamble v. Clarendon*

*County*, 188 S. C. 250, 198 S. E. (2d) 828 (1960); *Gould v. Barton*, 256 S. C. 175, 181 S. E. (2d) 662 (1971).

Before we strike the exemption in § 4-9-70 as it applies to *appointed* bodies and hold the remainder of the statute valid, we must determine that our action will not destroy the legislative intent. By enacting § 4-9-70, the General Assembly attempted to insure that the taxing power for all school districts would be properly vested in some authority. The clear intent is to vest the power to determine the school tax levy in county council in all cases where it is not vested elsewhere. It is inconceivable the legislature would not provide for the levy merely because it could not constitutionally vest control of that power in appointed boards of education. Moreover, the Home Rule Act, which encompasses § 4-9-70, expressly provides that "if any provision ... is declared unconstitutional, such declaration shall not affect the constitutionality of any other provisions of this act." 1975 Act No. 283, § 7.

We conclude that *Crow v. McAlpine* renders the exemption of § 4-9-70 invalid as it applies to appointed bodies. The legislative intent will be preserved by allowing Orangeburg County Council to prescribe the method of establishing the school tax millage.

Accordingly, we hold that the Orangeburg County Council had the authority to pass the ordinance. Pursuant to the ordinance, the county auditor and treasurer may levy and collect the taxes.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.