24421

Kay Hamrick BRADLEY, Appellant v. CHEROKEE SCHOOL DISTRICT NO. ONE OF CHEROKEE COUNTY, South Carolina and Joe Dean Spencer, Sandra B. Greene, Ola Copeland, J. Arthur Bridges, Jr., James W. Brown, John A. Leazer, Jerry W. McDaniel, V. Stephen Moss, and Fleming J. Means, in their official capacity as Board Members of the Cherokee School District No. One of Cherokee County, South Carolina, Respondents.

(470 S.E. (2d) 570)

Supreme Court

*D. Garrison Hill* and *Leo H. Hill,* of *Hill, Wyatt, Bannister & Brown, L.L.P.,* Greenville, *for appellant.*

*William E. Craver, III* and *Bruce E. Davis,* of *Davis & Craver, P.A.,* Charleston, *for respondent.*

Heard Nov. 1, 1995.

Decided May 2, 1996.

FINNEY, Chief Justice:

Appellant challenges the validity of the Cherokee County School District No. One School Bond-Property Tax Relief Act, Act No. 588, Acts and Joint Resolution, 1994.[1] Pursuant to an Order of Reference, this matter was heard by a special referee with appeal directly to the Supreme Court. The special referee ruled in the defendants' favor and found that Act 588 did not violate the constitution. We affirm.

Appellant is a resident, qualified elector and taxpayer of Cherokee School District No. One which is located wholly within Cherokee County. The defendants are the School District and members of the Board of Trustees of the Cherokee School District. A small area of Spartanburg County School District No. Two is located within Cherokee County.

In accordance with Act No. 588, the school board initiated two referenda. In the first referendum, the electors of the School District voted in favor of the Cherokee School District issuing $47 million of general obligation bonds to defray the cost of a school building program. In the second referendum, the electors of Cherokee County approved the imposition of a one percent sales tax to pay a portion of debt service on the bonds. The only county precinct situated entirely outside of the boundaries of the Cherokee School District voted in favor of the sales tax.

---

[1] Act No. 588, 1994, provides that the "governing body of the Cherokee County School District 1 may by resolution impose a one percent sales and use tax within Cherokee County for a specific purpose and for a specified period of time to collect funds to be used to pay debt service on general obligation bonds issued" pursuant to the School Bond Act.

*Taxation without representation*

Appellant argues the trial court erred in ruling Act 588 did not unconstitutionally authorize taxation without representation in violation of S.C. Const. art. X, § 5.[2] Appellant contends the Act authorizes the School Board to impose a sales tax throughout Cherokee County when a portion of the county residents may not vote in the elections for the Cherokee School Board members. Appellant asserts that since the Act authorizes the School District board to impose the tax and some residents of Cherokee County are not residents of the School District and cannot vote in elections for the school district board, then those residents have no vote or voice in the imposition of the tax. The special referee found that appellant's argument was without merit because under the Act the board's limited function is to call for a referendum for the county voters to decide whether to impose the tax. The ultimate authority under the Act to impose the tax rests with the Cherokee County voters.

Appellant relies on *Crow v. McAlpine,* 277 S.C. 240, 285 S.E. (2d) 355 (1981). *Crow* addressed the question whether the State's taxing power may, consistent with Article X, § 5, be delegated to a political subdivision composed exclusively of appointed members. We held that where the taxing power is delegated to a body composed of persons not assented to by the people nor subject to the supervisory control of a body chosen by the people, the constitutional restriction against taxation without representation is violated. *Crow, supra.* Delegation of the taxing power should be kept with supervisory control always vested in elective bodies. *Id.* In *Crow,* the school board was an appointive body appointed by the governor and not elected by the people. Here, the Cherokee School Board is an elective body elected by the people of the Cherokee School District.

Further, the board in *Crow* was given authority to direct the levy and collection of all tax millage necessary to meet the

---

[2] S.C. Const. art. X, § 5 provides that:

No tax, subsidy or charge shall be established, fixed, laid or levied, under any pretext whatsoever, without the consent of the people or their representatives lawfully assembled. Any tax which shall be levied shall distinctly state the public purpose to which the proceeds of the tax shall be applied.

school district operating budget which budget was set by the board. The court stated the unlimited power of taxation should only be conferred upon a body which stands as the direct representative of the people, to the end that an abuse of power may be directly corrected by those who must carry the burden of the tax. *Crow, supra.* The Act in *Crow* was found to be unconstitutional insofar as it conferred the arbitrary power upon the board to fix and determine the amount of tax to be levied for school operations. Section 12 of Act 782, Acts and Joint Resolutions, 1956 gave the Board of Education the authority to direct the auditor to levy and the county treasurer to collect all the millage necessary to meet that portion of the budget set by the board to be raised through ad valorem taxation and any special levies the board may approve.

Act 588 does not give the Cherokee School District unlimited power of taxation. Act 588 authorizes the Cherokee School District, upon the approval of the electorate of the entire county of Cherokee, to impose a one percent sales tax for a specific purpose and a specified period of time. Act 588 does not purport to give the school district the unrestricted power of taxation. The ultimate power to impose the sales tax rests with the electors of the entire county which includes those electors of Cherokee County residing in Spartanburg School District Two. Accordingly, the residents of Spartanburg School District Two have a voice and vote in the imposition of the tax and a majority of those residents voted in favor of the tax. The trial judge did not err in finding there was no taxation without representation.

### Special legislation

Appellant asserts the trial court erred in finding Act 588 did not violate the constitutional prohibition against special legislation. S.C. Const. art. III, § 34(IX) provides that no special law shall be enacted where a general law can be made applicable. Appellant contends *Horry County v. Horry County Higher Ed. Comm.*[3] has implicitly overruled this court's holding that the legislature may pass separate legislation regarding public education without violat-

---

[3] 306 S.C. 416, 412 S.E. (2d) 421 (1991).

ing constitutional limitations.[4] We disagree.

*Horry County* did not overrule *Moye* and the line of cases upholding legislation relating to school districts. In *Horry County*, the County was authorized to levy a tax sufficient to pay the interest and principal on bonds issued to finance the activities of the Horry County Higher Education Commission. The Horry act was found to be special legislation because while the tax was imposed on all taxable property within Horry County, the funds collected from the tax were not used for the benefit of all persons residing within the area. Additionally, the funds in *Horry* were used solely for the benefit of one institution of higher learning. Although the court in *Horry* concluded that legislation regarding education is not exempt from the requirements of Article III, § 34(IX), it also found that it does not prohibit all special legislation.

A law that is special only in the sense that it imposes a lawful tax limited in application and incidence to persons or property within a certain school district does not contravene the provisions of Article III, § 34(IX). *Hay v. Leonard,* 212 S.C. 81, 46 S.E. (2d) 653 (1948). Individual districts may impose a legal tax limited in application and incidence to persons or property within the prescribed area. *Shillito v. Spartanburg,* 214 S.C. 11, 51 S.E. (2d) 95 (1948). Statues upheld as constitutional were not only applied uniformly to all persons and property within the area affected, but the specific taxes were used for the benefit of all persons residing within the area. *Id.* The funds in this case are not confined to the sole use and benefit of any particular class but would benefit the entire county of Cherokee.[5] Accordingly, the trial court did not err in concluding that Act 588 imposes a lawful tax limited in application and incidence to persons or property in Cherokee County and as such is not a special law in violation of Article III, § 34(IX). *Hay v. Leonard, supra.*

### Unlawful delegation of taxing power

Appellant contends Act 588 is unconstitutional because the only taxing power which the legislature can constitutionally delegate to a political subdivision such as a

---

[4] *See Moye v. Caughman,* 265 S.C. 140, 217 S.E. (2d) 36 (1975) (upholding legislation changing the method of electing the Lexington County School Board).

[5] A proportionate amount of funds collected would be distributed to Spartanburg School District Two.

school district is the power to tax property. Article X, § 6. Since Act 588 authorizes a sales tax, appellant contends it is an unconstitutional delegation. We disagree.

Appellant's argument misconstrues Act 588's statutory provision. The sales tax authority is not delegated to the school district. Rather, upon approval by the electors of Cherokee County, an additional sales tax is imposed countywide. The proceeds are returned pro rata to the school districts operating in the county. Act 588 is analogous to the taxing scheme found in S.C. Code Ann. § 4-10-20 Local Sales and Use Tax (LOST), which has been upheld despite a constitutional challenge similar to that raised here. *Westvaco Corp. v. South Carolina Dept. of Revenue*, — S.C. —, 467 S.E. (2d) 739 (1995). Contrary to appellant's position, there is no delegation of taxing power to the school district in Act 588, but instead an addition to the state sales tax upon the citizens of a county. Article X, § 6 is not implicated.

For the foregoing reasons, the order of the Special Referee is

Affirmed.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.