492 S.E.2d 79

**Don WEAVER and Richland County Council, Plaintiffs,
of whom Richland County Council is
Appellant/Respondent,**

**v.**

**RECREATION DISTRICT, Recreation Commission of Richland County, Harry Huntley, as Auditor of Richland County, Cornelia Paskey, as Treasurer of Richland County, Defendants,**

**of whom Recreation District, Recreation Commission
of Richland County is Respondent/Appellant.**

**No. 24696.**

Supreme Court of South Carolina.

Heard Sept. 17, 1997.
Decided Oct. 13, 1997.

84

Dwight F. Drake, John E. Schmidt, III and Melissa J. Copeland, all of Nelson, Mullins, Riley & Scarborough, Columbia, and Larry C. Smith of the Richland County Attorney's Office, for appellant/respondent.

John S. Taylor, Jr. and David W. Robinson, II, both of Robinson, McFadden & Moore, Columbia, for respondent/appellant.

WALLER, Justice:

This case involves the constitutionality of Act No. 317, 1969 Acts 382, the act which created the Richland County Recreation Commission (Recreation Commission or District). The circuit court upheld the constitutionality of the act. We reverse.

## FACTS

Act No. 317 authorizes the Recreation Commission, in pertinent part:

> [t]o levy upon all the taxable property in the District a tax of not exceeding five mills per annum to meet the cost of operating and maintaining ... recreational facilities under its jurisdiction. Such tax shall be levied by the county auditor and collected by the county treasurer who shall keep it in a separate fund applicable solely to the purpose for which it was levied.

■ Don Weaver (Plaintiff/Weaver) instituted this action challenging the constitutionality of Act 317, contending it violated Article X, § 5 of the South Carolina Constitution. The effect of the act, he claimed, was to permit "taxation without representation," as the Commission is an appointed, rather than elected, body. Appellant–Respondent, Richland County Council, filed a motion to intervene, which was granted by an order of the circuit court on September 11, 1995.[1]

On the merits, in an order dated December 9, 1996, the circuit court found Act No. 317 to be a constitutional delegation of legislative authority such that no taxation without representation had occurred. County Council appeals this order.

## ISSUE

Does Act No. 317 of 1969 unconstitutionally permit taxation without representation?

---

1. The Recreation Commission filed a cross-appeal of this order contending Council was without standing to challenge Act No. 317. We disagree. We find Council has sufficient interest in the matter, and the matter is of such public concern, as to confer standing. *Thompson v. S.C. Comm'n on Alcohol and Drug Abuse,* 267 S.C. 463, 229 S.E.2d 718 (1976).

## DISCUSSION

█ Council contends the delegation of authority to an appointed body to levy up to 5 mills per year unconstitutionally permits taxation without representation in violation of S.C. CONST. art. X, § 5 (1996 Supp.). We agree.

Article X, § 5 provides, in pertinent part:

No tax ... shall be established, fixed, laid or levied, under any pretext whatsoever, without the consent of the people or their representatives lawfully assembled....

In *Crow v. McAlpine*, 277 S.C. 240, 285 S.E.2d 355 (1981), this Court was faced with a legislative delegation of authority to an appointed board, the Marlboro County Board of Education, to levy and collect all tax millage necessary to meet the school district's operating budget. We found such a delegation of authority violated Article X, § 5 as the legislative power to tax may not be conferred on a purely appointive body but must be under the supervisory control of elected bodies, stating:

The unlimited power of taxation attempted to be conferred by the Act under consideration is itself a forcible reminder that the power to fix and levy a tax should only be conferred upon a body which stands as the direct representative of the people, to the end that an abuse of power may be directly corrected by those who must carry the burden of the tax.

277 S.C. at 244–245, 285 S.E.2d at 358. Accordingly, we held the act unconstitutional stating, "the General Assembly may not, consistent with Article X, Section 5, delegate the unrestricted power of taxation to an appointive body." *Id.*

The same result was subsequently reached in *Stone v. Traynham*, 278 S.C. 407, 297 S.E.2d 420 (1982) in which we invalidated an amendment to S.C.Code Ann. § 4-9-70, which purported to permit the Orangeburg County Board of Education to establish school tax millages. There, we noted our holding in *Crow* that "participation by an appointed board ... in the budgeting process ... constituted taxation without representation." 278 S.C. at 408, 297 S.E.2d at 421 (emphasis supplied).

Most recently, in *Bradley v. Cherokee School District No. One*, 322 S.C. 181, 470 S.E.2d 570 (1996), we upheld an act

authorizing the Cherokee County School Board to conduct two referenda: one for issuance of general obligation bonds, and the other to approve a 1% sales tax to pay off the debt service on the bonds. The act was challenged on grounds it permitted the Board to impose a tax throughout the county, when a portion of the residents did not vote for the members of the school board. This Court upheld the act, finding that "[t]he ultimate authority under the Act to impose the tax rests with the Cherokee County voters," as the entire county electorate had voted on issuance of the bonds and the sales tax. In *Bradley* we noted, however, that "where the taxing power is delegated to a body composed of persons not assented to by the people nor subject to the supervisory control of a body chosen by the people, the constitutional restriction against taxation without representation is violated." 322 S.C. at 184, 470 S.E.2d at 571.

■ Here, Act No. 317 gives the Recreation Commission the complete discretion to determine its annual budget, and to levy anywhere from one to five mills taxes to meet its budget. We find such a delegation impermissible under our holdings in *Crow, Traynham,* and *Bradley.*[2] Accordingly, insofar as Act No. 317 permits such a delegation, it violates Article X, § 5 of the South Carolina Constitution and may not stand.

We are cognizant, however, of the disruptive effect today's holding could have on the financial operation of numerous special purpose districts, local commissions and boards throughout this state. Accordingly, in order to give the

---

2. We are unpersuaded by Commission's contention that, in setting forth a maximum millage rate of 5 mills in this case, the Legislature itself has actually levied the tax and the Commission is merely acting in a ministerial capacity in assessing and collecting the tax. We find the authority cited by Commission in support of this proposition inapplicable to the present case. *See e.g., Morton Bliss Co. v. Comptroller General,* 4 S.C. 430 (1873); *Lillard v. Melton,* 103 S.C. 10, 87 S.E. 421 (1915); *Evans v. Beattie,* 137 S.C. 496, 135 S.E. 538 (1926); *Southern Railway Co. v. Kay,* 62 S.C. 28, 39 S.E. 785 (1901); *Crawford v. Johnston,* 177 S.C. 399, 181 S.E. 476 (1935); *McLure v. McElroy,* 211 S.C. 106, 44 S.E.2d 101 (1947). Most of these cases do not specifically address the precise issue presently before the Court or are simply inapposite factually; others involve the delegation of authority to an elected, rather than an appointed, official. Accordingly, we do not find these cases controlling. To the extent any of these cases may be viewed as inconsistent with our opinion today, they are overruled.

General Assembly an opportunity to address this problem, we hold this decision shall be applied prospectively beginning December 31, 1999. *Accord Crow v. McAlpine, supra* (ruling applied prospectively beginning the following tax year).

Council's remaining issue is affirmed pursuant to Rule 220(b)(SCACR) and the following authorities: *Dicks & Gillam, Inc. v. Cleland,* 295 S.C. 124, 367 S.E.2d 430 (Ct.App. 1988) (trial court's findings come to appellate court with presumption of correctness; burden is on appellant to demonstrate reversible error), *Honea v. Honea,* 292 S.C. 456, 357 S.E.2d 191 (Ct.App.1987) (party cannot fail to offer sufficient proof at trial, then come to appellate court complaining of the insufficiency of evidence to support findings).

The judgment below is

**AFFIRMED IN PART; REVERSED IN PART.**

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.