**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David A. Babb, Appellant,

v.

Jerry Lee Mundy and Carolyn Ford, Respondents.

Appellate Case No. 2010-175266

———————

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-094
Heard September 12, 2012 – Filed March 6, 2013

———————

**AFFIRMED**

———————

David A. Babb, of Charleston, pro se.

Andrew G. Goodson, of Fountain Inn, and Donald Bruce
Hocker, of Laurens, for Respondent.

———————

**PER CURIAM:** David Babb appeals the order of the trial court dismissing his claims against Jerry Lee Mundy and Carolyn Ford (Respondents) due to Babb's failure to allege sufficient facts to constitute a cause of action and lack of subject matter jurisdiction. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

(1) As to negligence: *Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002) ("A plaintiff, to establish a cause of action for negligence, must prove the following four elements: (1) a duty of care owed by defendant to plaintiff[,] (2) breach of that duty by a negligent act or omission[,] (3) resulting in damages to the plaintiff[,] and (4) damages proximately resulted from the breach of duty.").

(2) As to civil conspiracy: *Vaught v. Waites*, 300 S.C. 201, 208, 387 S.E.2d 91, 95 (Ct. App. 1989) ("Civil conspiracy consists of three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage."); *Weaver v. Recreation Dist.*, 328 S.C. 83, 88, 492 S.E.2d 79, 82 (1997) (noting an appealed order comes to the appellate court with a presumption of correctness and the burden is on appellant to demonstrate reversible error); *Harris v. Campbell*, 293 S.C. 85, 87, 358 S.E.2d 719, 720 (Ct. App. 1987) (noting our court is "obliged to reverse when error is called to our attention, but we are not in the business of figuring out on our own whether error exists").

(3) As to undue influence: *Michael P. v. Greenville Dep't of Soc. Servs.*, 385 S.C. 407, 415-16, 684 S.E.2d 211, 215 (Ct. App. 2009) ("Generally, to have standing, a litigant must have a personal stake in the subject matter of the litigation.") *Id.* at 416, 684 S.E.2d at 215 (stating the three elements of standing are "(1) the plaintiff must have suffered an injury-in-fact that is concrete and particularized, and actual and imminent as opposed to hypothetical; (2) the injury and the conduct complained of the defendant must be causally connected; and (3) it must be likely that the injury will be redressed by a favorable decision").

(4) As to the denial of Babb's motion for a continuance: *Jones v. Doe*, 372 S.C. 53, 60, 640 S.E.2d 514, 518 (Ct. App. 2006) (stating the South Carolina Rules of Civil Procedure do not set a deadline for submitting memoranda of law prepared in conjunction with motions and noting "in fact, such memoranda are not required at all"); *Jackson v. Speed*, 326 S.C. 289, 309, 486 S.E.2d 750, 760 (1997) (stating a ruling on a motion for a continuance is within the trial court's sound discretion).

(5) As to the denial of the motion to amend and discovery issue: *Spence v. Spence*, 368 S.C. 106, 130-31, 628 S.E.2d 869, 882 (2006) ("[W]hen a complaint is dismissed with prejudice and the plaintiff erroneously is denied the opportunity to file and serve an amended complaint, but the plaintiff fails to present additional factual allegations or a different theory of recovery which may give rise to a claim upon which relief may be granted, the appellate court may in its discretion affirm the dismissal of the complaint with prejudice."); *Baughman v. Am. Tel. and Tel.*

*Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991) (stating the person asserting the need for further discovery must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is "not merely engaged in a 'fishing expedition'"); *Harkins v. Greenville Cnty.*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (noting the appellant has the burden of presenting an adequate record on appeal); Rule 210(h), SCACR ("Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal.").

6. As to the trial court reversing the sequence of events of Lula Mae Mundy selling the Property and changing her will: *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("[W]hatever doesn't make any difference, doesn't matter.").

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, concur.**